## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOEL JONES, | ) |
| | ) CIVIL ACTION NO. _____ |
| Plaintiff | ) |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

Plaintiff, Noel Jones, a resident of Carbon County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above named Defendant, Wal-Mart Stores East, LP, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331, 1343 and 1367.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3.     Plaintiff, Noel Jones, is an adult individual residing in Carbon County, Pennsylvania.

4.     Defendant, Wal-Mart Stores East, LP (hereinafter referred to as "Walmart"), is an Arkansas corporation with a business address of 702 SW Eighth Street, Bentonville, Arkansas 72716-8611.

5.     At all times relevant and material hereto, Walmart owned and operated the Walmart retail store located at 1731 Blakeslee Boulevard Drive E, Lehighton, Carbon County, Pennsylvania 18235 (the "Lehighton Store").

## ADMINISTRATIVE PROCESS

6.     On or about April 11, 2020, Plaintiff filed a claim of age discrimination with the Equal Employment Opportunity Commission, which was docketed as Charge No. 530-2020-03281.

7.     Plaintiff's claim was cross-filed with the Pennsylvania Human Relations Commission.

8.     Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission dated May 19, 2021.

9.     All administrative remedies have been exhausted prior to the filing of this Complaint.

## STATEMENT OF FACTS

10.    Mr. Jones was employed at a Sales Associate in the Walmart Photolab located in the Lehighton Store beginning on or about October 24, 2017.

11.    Mr. Jones was the oldest employee in Walmart's Photolab at age 53.

12.    During Mr. Jones's employment at Walmart, there were four employees that worked in the lab, including Mr. Jones, the Photolab manager, two other significantly younger employees.

13.    During his employment with Walmart, Mr. Jones was discriminated against and treated less favorably by his manager than the two younger employees.

14.    For instance, Mr. Jones's manager would snicker along with other employees and make fun of Mr. Jones, call Mr. Jones "slow," and make statements like "pick up the pace, old man."

15.    Mr. Jones's manager would never make such comments to the two younger employees, and Mr. Jones was ostracized by the other two employees.

16.    Mr. Jones was given different and laborious duties by his manager which kept him out of the Photolab because his manager deemed him "too slow."

17.    Mr. Jones was terminated on or about October 4, 2019, allegedly for absences, but younger employees were not terminated who had the same issues that Mr. Jones did.

18. For instance, Mr. Jones got two absentee points when his car broke down and overheated and he was delayed to work but informed his job. When another younger employee had the same issue and came in late, he never received a point.

19. In another instance, Mr. Jones allegedly missed a call from his manager regarding his time to come in, although his phone bill indicated that no call had occurred. However, Mr. Jones was penalized another point for that. Again, another younger co-worker who had reached six points had all their points removed by the manager. Nonetheless, when Mr. Jones reached six points, he was terminated.

20. The reasons given for Mr. Jones's termination were a pretext for age discrimination, evidenced by the Photolab manager's discriminatory treatment towards Mr. Jones and favorable treatment given to similarly situated, younger workers.

21. Walmart's actions constituted a violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621 *et. seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. § 951, *et seq.*

### COUNT I
### VIOLATIONS OF THE ADEA

22. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

23.    Walmart discriminated against Mr. Jones due to his age, in violation of the ADEA, by creating a hostile work environment on account of Mr. Jones's age, treating Mr. Jones less favorably than similarly situated younger workers, and terminating Mr. Jones because of his age.

24.    As a consequence of the Walmart's discriminatory actions and failures to act, Mr. Jones was subjected to emotional distress, humiliation, ridicule and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

25.    As a result of the hostile environment, Mr. Jones has suffered emotional distress, a loss of self-respect and confidence, and has been subjected to great damage to his career and professional standing.

26.    As a result of Walmart's wrongful termination of Mr. Jones, Mr. Jones has suffered, and continues to suffer, from a loss of income.

27.    Walmart's actions against Mr. Jones were willful, and therefore Mr. Jones is entitled to receive liquidated damages under the ADEA.

28.    The actions of Walmart set forth above constitute violations of Mr. Jones's federal civil rights under ADEA.

WHEREFORE, Plaintiff Noel Jones respectfully requests this Honorable Court to enter judgment in his favor and against Walmart, together with liquidated

5

damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

**COUNT II**
**VIOLATIONS OF THE PHRA**

29.    The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

30.    This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events and circumstances as Count I and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

31.    By discriminating against and terminating Mr. Jones on the basis of his age, Walmart violated Mr. Jones's state rights under the PHRA, which prohibits discrimination based upon age with respect to the material terms of one's employment.

32.    As more fully set forth in Count I, Mr. Jones has suffered directly and solely as a result of Walmart's actions, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff Noel Jones respectfully prays that judgment be entered in his favor and against the Defendant Walmart for all of the relief sough in Count I, *supra*, and such other and further relief provided by the PHRA, together with an award of attorneys' fees and costs of suit.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

Weisberg Cummings, P.C.

May 25, 2021
Date

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA #83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA #83286)
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steven T. Mahan (PA #313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Attorneys for Plaintiff*